IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ENNIS BROWN,

          Petitioner,          ORDER

v.

          20-cv-398-wmc

GARY BOUGHTON, Warden,
Wisconsin Secure Program Facility,

          Respondent.

Ennis Brown, an inmate at the Wisconsin Secure Program Facility, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. (Petition (dkt. #1).) Although this case is assigned to District Judge William Conley, the petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 provides that when conducting this review,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims, whether he has exhausted available state remedies, and whether the petition is timely. Because Brown's petition appears plainly to be untimely, the court will not order the state to answer the petition at this time but will direct Brown to file a supplement establishing that his petition is timely or that his default should be excused.

DISCUSSION

Brown's petition challenges his conviction in 12 CF 3796 in the Circuit Court for Milwaukee County for 33 felony counts, all related to the sexual abuse of five of Brown's children. Although Brown has failed to clearly explain why he thinks he is in custody in violation of his constitutional rights, he appears to allege that his arrest was illegal, the prosecutor committed misconduct, he received ineffective assistance of counsel, and his right to a speedy trial was violated.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one year statute of limitations period for all habeas proceedings running from certain specified dates. 28 U.S.C. § 2244. The one year limitation begins to run from the latest of: (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. *See* § 2244(d)(1)(A)-(D). Under 28 U.S.C. § 2244(d)(2), time is tolled -- that is, the one-year clock does not run -- during the pendency of any properly filed application to the state for post-conviction relief.

Brown failed in his petition to provide any dates of his state court proceedings. However, electronic records publicly available show that Brown appealed his conviction to the Wisconsin Court of Appeals, which issued a decision affirming his conviction on

October 9, 2015. *State v. Brown*, 2015 WI App 90, 365 Wis. 2d 608, 871 N.W. 2d 867. The Wisconsin Supreme Court then denied Brown's petition for review on December 8, 2015. So far as it appears, Brown did not file a petition for a writ of certiorari with the United States Supreme Court; thus, his conviction became final 90 days later, on March 7, 2016. *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002) (time for seeking direct review under § 2244(d)(1)(A) includes 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court).

Under § 2244(d)(1)(A), Brown had one year from that date, or until March 7, 2017, to file his § 2254 petition. *See Farmer v. Litscher*, 303 F.3d 840, 845-46 (7th Cir. 2002) (limitations period in § 2244 begins when the time for filing a direct appeal expires). He did not file it until more than three years later, on April 29, 2020. Further, the state court docket sheet shows that Brown filed no state court applications for post-conviction relief that would have tolled the limitations period before March 7, 2017. (Brown filed motions to vacate court fees and surcharges, but no motions challenging his conviction. *See* Wisconsin Circuit Court Access, https://wcca.wicourts.gov, Milwaukee Cty. Case No. 2012CF003796 (last visited July 24, 2020)).

There still remain a few avenues by which the petition could be timely, however. Brown could present specific facts to show that a state-created impediment prevented him from filing his petition any earlier than he did, § 2244(d)(1)(B), or that his claims rest on facts that he could not have discovered earlier than he did even had he exercised due diligence. § 2244(d)(1)(D). (Brown is not seeking relief on the basis of a newly recognized and retroactive constitutional right, so § 2244(d)(1)(C) does not apply.) Or he could

attempt to show that he is entitled to equitable tolling of the limitations period, which requires him to establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Socha v. Boughton*, 763 F.3d 674, 684-85 (7th Cir. 2014). Because it appears that Brown did nothing to challenge his conviction apart from challenging fee assessments, he is unlikely to qualify for tolling under any of these scenarios.

Finally, Brown could argue for an equitable exception to § 2244(d)(1) based on a credible claim of actual innocence, regardless whether he has been diligent in pursuing his rights. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). To qualify for this narrow exception, Brown must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Brown must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), quoting *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 569 U.S. at 399; *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015). Nothing in the petition suggests that Brown has such evidence or that he is claiming actual innocence: most of his allegations relate to alleged procedural defects in his arrest, delays in the filing of the criminal complaint, the deprivation of his right to a speedy trial, and ill-defined misconduct by the prosecutor and Brown's appointed attorneys.

Although nothing in the petition or the supporting materials suggests that petitioner can satisfy the actual innocence exception or that circumstances exist to support either statutory or equitable tolling of the limitations period, it would be premature to dismiss the petition without giving petitioner the opportunity to come forth with facts showing why the petition is timely or why his default should be excused. Accordingly,

ORDER

IT IS ORDERED that:

Not later than September 1, 2020, petitioner shall file a supplemental brief setting forth facts and legal argument to show either that: (1) his petition is timely under § 2244(d); (2) he qualifies for equitable tolling; or (3) that his default should be excused under the actual innocence exception. In the event he fails to do so, the presiding judge will likely dismiss the petition.

Entered this 24th day of July, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge