IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ENNIS BROWN,

                        Petitioner,                              OPINION AND ORDER

        v.
                                                                 20-cv-398-wmc

GARY BOUGHTON, Warden,
Wisconsin Secure Program Facility,

                        Respondent.

---

Ennis Brown, who is presently confined at the Wisconsin Secure Program Facility, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Brown seeks to challenge his conviction and resulting sentence in Case No. 12-CF-3796 in the Circuit Court for Milwaukee County for 33 felony counts, all related to the sexual abuse of five of Brown's children.  In a previous order, Magistrate Judge Stephen Crocker screened the petition and, after determining that it appeared to be filed outside the one-year limitations period set forth in 28 U.S.C. § 2244(d), directed petitioner to file a supplement to his petition showing either that the petition was timely or should be allowed for equitable reasons.  (Order, July 27, 2020 (dkt. #12).)

On August 3, 2020, Brown asked for a stay of all proceedings so that he could attempt to obtain records showing that his habeas petition was timely, which Judge Crocker denied as premature.  (Dkt. ## 13, 14.)  On August 26, 2020, Brown renewed his motion for a stay, adding a request that the court appoint counsel.  (Dkt. #15.)  In that same submission, Brown also responded substantively to Judge Crocker's concerns about

timeliness.[1]  Having considered his response, the court finds that Brown's habeas petition is untimely and must be dismissed for the reasons stated below.  Accordingly, Brown's other motions for a stay and appointment of counsel, and his various motions for immediate release pending a decision on his habeas petition, will be denied as moot.

PROCEDURAL HISTORY

**I.  Judge Crocker's Order**

Regarding Brown's underlying conviction in Milwaukee County Circuit Court, Brown claims that:  his arrest was unlawful; the pretrial proceedings were conducted in violation of state law; the prosecutor committed misconduct; he received ineffective assistance of counsel; and he was denied a speedy trial.  As Judge Crocker explained, however, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for all habeas proceedings running from the latest of:  (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due

---

[1] Brown has also filed:  (1) a letter requesting transfer or adequate health care (dkt. # 9); and (2) a request for a federal investigation (dkt. # 11).  Both motions are duplicates of motions that Brown filed in Case No. 2019-cv-870-wmc, also pending in this court.  Since the court will address those motions in that civil case, they are denied in this proceeding as duplicative.

diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  Under 28 U.S.C. § 2244(d)(2), this one-year clock is tolled -- that is, does not run -- during the pendency of any properly filed application to the state for post-conviction relief.

Despite Brown failing in his petition to provide any dates regarding his state court conviction and post-judgment proceedings, Judge Crocker examined electronic records publicly available and found Brown appealed his conviction to the Wisconsin Court of Appeals, which issued a decision affirming his conviction on October 9, 2015.  *State v. Brown*, 2015 WI App 90, 365 Wis. 2d 608, 871 N.W. 2d 867.  The Wisconsin Supreme Court then denied Brown's petition for review on December 8, 2015.  Because Brown did not file a petition for a writ of certiorari with the United States Supreme Court, Judge Crocker found that his conviction became final on March 7, 2016.  *See Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002) (time for seeking direct review under § 2244(d)(1)(A) includes 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court).  Thus, under § 2244(d)(1)(A), Brown had one year from that date, or until March 7, 2017, to file his § 2254 petition, unless his filing of a post-conviction motion in state court stopped his federal habeas clock as provided by § 2244(d)(2).  Judge Crocker found that Brown had done neither and, therefore, his petition was some three years too late.  (Order, July 27, 2020 (dkt. # 12) 3.)

In response, Brown does not contest Judge Crocker's finding that his conviction became final on March 7, 2016.  However, he asserts that on November 8, 2016, he filed a *federal* habeas corpus petition in the United States District Court for the Eastern District of Wisconsin.  *See Brown v. Foster*, Case No. 16-cv-1497-pp (E.D. Wis.).  At that time,

Brown had approximately four months remaining on his federal habeas clock.

## II. Brown's Habeas Petition in the Eastern District of Wisconsin

Like the instant petition, Brown's November 8, 2016, petition in the Eastern District Court challenged Brown's 2013 conviction in Milwaukee County Circuit Court of more than 30 counts of crimes related to the sexual and physical abuse of five of his daughters. *Brown*, Case No. 16-cv-1497-pp, dkt. #1 (E.D. Wis.).   After reviewing that petition and a later amendment, the district court allowed Brown to proceed on the following five grounds:  (1) a Fourth Amendment claim that Milwaukee Police arrested Brown without a warrant; (2) a Sixth Amendment claim that he was denied his right to a speedy trial; (3) a Sixth Amendment claim that he was denied counsel; (4) an Eighth Amendment double jeopardy/multiplicity/duplicity claim; and (4) an insufficiency-of-the-evidence claim. *Id.*,  dkt. # 77, at 14-15.  In a later order, the court further found that Brown had raised only two of these claims – denial of his right to counsel and denial of his right to speedy trial – in his appeal to the Wisconsin Court of Appeals, and he had raised only one claim -- the denial of his right to counsel -- in his petition for review to the Wisconsin Supreme Court. *Id*. at 15.

Noting that under *Rose v. Lundy*, 455 U.S. 509 (1982), the court could not rule on a petition that presented a "mix" of exhausted and unexhausted claims, it also observed that Brown appeared to be blaming his failure to properly exhaust all of his claims on the ineffective assistance of his appellate counsel, which *itself* was an unexhausted claim.  Since there was nothing in the record to show that petitioner had raised an ineffective assistance

of appellate counsel claim in the Wisconsin courts under *State v. Knight*, 168 Wis. 2d 509,

484 N.W. 2d 540 (1992), the court advised that:

> Perhaps the petitioner has filed a <u>Knight</u> petition in state court, and this court somehow missed it.  Perhaps he has chosen not to file a <u>Knight</u> petition for some reason; that would be his right.  Perhaps he would like the opportunity to file a <u>Knight</u> petition, and wants this court to delay its ruling until he can do that.  Before the court dismisses the petition for procedural default, as the respondent has asked it to do, the court will give the petitioner the opportunity to provide the court with proof that he has filed a <u>Knight</u> petition or tell the court that he has chosen not to do so.  If the petitioner has filed a <u>Knight</u> petition and the state courts have ruled on it, he should provide this court with copies of the state court's decisions.  If he has not filed a <u>Knight</u> petition but wants to do so, he should file that petition by the deadline the court sets below.  If the petitioner notifies the court that he has chosen not to file a <u>Knight</u> petition, the court will issue its ruling dismissing the petition on the ground of procedural default.

*(Id*. at 18-20.)

In his response, Brown informed the court that he did not intend to return to the

state courts, and he wanted the federal district court to rule on his petition.  However,

Brown did *not* expressly ask the court to dismiss his unexhausted claims and proceed only

on the exhausted claim.  Based on this response, and the absence of any evidence that

Brown had ever filed or intended to file a *Knight* petition, the court concluded that its only

option was to dismiss the mixed petition on grounds of procedural default, just as the court

had warned Brown it would do.  *Id*., dkt. # 82, at 5.  Accordingly, on May 28, 2019, the

district court entered an order and judgment dismissing the petition without prejudice.  *Id*.,

dkts. ## 82, 83.  On August 18, 2020, the United States Court of Appeals for the Seventh

Circuit issued an order denying Brown's request for a certificate of appealability, finding

no substantial showing of the denial of a constitutional right.  *Id.*, dkt. # 99.

Meanwhile, Brown had filed the instant petition on April 29, 2020, after being transferred to a correctional facility in this district.  (Dkt. # 1.)  He also filed a petition for a writ of habeas corpus in the Wisconsin Supreme Court on or around February 4, 2020. (Dkt. ##15-18.)

OPINION

As an initial matter, Brown is correct in asserting that the instant petition, which is the second petition he filed challenging his 2013 Milwaukee County conviction, is not an unauthorized "second or successive petition" requiring dismissal under 28 U.S.C. § 2244(b)(1).  "A petition filed after a mixed petition has been dismissed under *Rose v. Lundy* before the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition."  *Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

Still, the instant petition is untimely, having been filed more than four years after Brown's conviction became final on March 7, 2016.  Although Brown suggests that his federal habeas clock was tolled while his first petition was pending in the Eastern District, he is incorrect.  Specifically, in *Duncan v. Walker*, 533 U.S. 167 (2001), the Supreme Court held that "an application for federal habeas corpus review is *not* an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and "does *not* toll the limitation period during the pendency of a federal habeas petition." *Id.* at 181 (emphasis added).  Recognizing that its ruling "creates the potential for

6

unfairness to litigants who file timely federal habeas petitions that are dismissed without prejudice after the limitation period has expired," *id.*, the Supreme Court nonetheless found no other plausible reading of the statute given its plain language and purpose. *Id.* Thus, contrary to Brown's assertion, his federal habeas clock was *not* tolled while his habeas petition was pending in the Eastern District of Wisconsin.[2]  This meant that the federal habeas clock was running the entire two years and 220 days that Brown's original petition was pending in the Eastern District, and expired on March 7, 2017, one year after his conviction became final, *unless* Brown qualifies for equitable tolling.

A petitioner is entitled to equitable tolling only if he shows that (1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The realm of equitable tolling is a "highly fact-dependent area" in which courts are expected to employ "flexible standards on a case-by-case basis." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (citation omitted).  However, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule[,]" *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (no equitable tolling where petition was filed one day late), and a petitioner bears the burden to establish both diligent pursuit *and* extraordinary

---

[2] The only way it *might* have been tolled would have been if the court had granted a stay while Brown returned to state court to pursue a *Knight* petition; as noted above, however, Brown expressly denied that he wanted to pursue that course of action, so the court never granted a stay. Furthermore, because Brown never stated that he was willing to dismiss his unexhausted claims, the court had no choice but to dismiss the petition without ruling on the merits.  Thus, although the court dismissed the petition "without prejudice," the practical result of Brown's failure to seek and obtain a stay was that the dismissal was *with* prejudice, insofar as any subsequent petition that Brown might file would be untimely.

circumstances.  *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).  Thus, tolling is rare, "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing."  *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (internal quotation marks and alterations omitted); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so 'is rarely granted.'" (citation omitted)).

Here, Brown has not demonstrated extraordinary circumstances that prevented timely filing.  Indeed, the cause of his untimely filing was his faulty decision-making at the close of proceedings in the Eastern District.  Not only did Brown not seek a stay of his federal habeas proceeding while he exhausted his state court remedies on his unexhausted claims under *Knight*, but he asked the court to do what it had expressly told him it could not:  rule on the merits of *both* his exhausted and unexhausted claims.  Having been warned that his decision to forego a *Knight* petition would result in dismissal of his entire habeas petition, and having chosen that course anyway, Brown has no credible claim that extraordinary circumstances "beyond his control" prevented him from timely filing his new petition.

Moreover, to the extent Brown is arguing that his lack of legal knowledge is a basis to toll the limitations period, the Seventh Circuit has held on numerous occasions that "lack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training."  *Socha*, 763 F.3d at 685; *see also Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) ("Lack of familiarity with the law . . . is not a circumstance that justifies equitable tolling."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006)

("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

Similarly, the court had no obligation to warn Brown either that:  (1) the one-year limitations period was not tolled while his petition was pending in that court; or (2) he would effectively lose the right to pursue any of his claims if he chose the course he did. *See Williams v. Sims*, 390 F.3d 958, 962 (7th Cir. 2004) (mere failure of court to warn petitioner about impending expiration of statute of limitations no basis for equitable tolling) (citing *Pliler v. Ford*, 542 U.S. 225, 234 (2004)).  Still, the court *did* note that after dismissal of the entire petition under *Rose v. Lundy*, "it is likely that by the time the petitioner went back to state court and litigated his four unexhausted claims to the highest level of the state court system, his one-year period for filing for federal habeas relief would have expired on the one *exhausted* claim," which is why that court offered petitioner the opportunity to show "good cause" for a stay before dismissing the petition. *Brown*, 16-cv-1497-PP, dkt. #77 at 16-17.  Certainly, nothing in the court's orders affirmatively *misled* Brown into understanding that there would be no bar to him filing another application for federal habeas relief if his entire petition was dismissed and not stayed. *See Pliler*, 542 U.S. at 235 ("[I]f the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate") (O'Connor, J., concurring).  In short, the circumstances that led to Brown's untimely filing of the instant petition were within his control.

Having failed to show grounds for equitable tolling, this court may consider Brown's petition only if he presents a credible claim of actual innocence.  *See McQuiggin v. Perkins*,

569 U.S. 383, 399 (2013).  As Judge Crocker explained in his order screening the petition, that exception requires Brown to "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Schlup v. Delo*, 513 U.S. 298, 316 (1995).  Having failed to identify any such evidence in his response to Judge Crocker's order or in any of his other submissions, Brown does not qualify for this exception either.

Finally, Brown claims to have exhausted his previously-unexhausted claims by filing an application for a writ of habeas corpus in the Wisconsin Supreme Court.  However, Brown did not even begin the state court exhaustion process until January 23, 2020, long after his one-year limitations period had expired.  *See Brown v. Boughton*, Appeal No. 2020AP000220-W, available at https://wscca.wicourts.gov (last visited Oct. 27, 2020). Accordingly, his state court habeas application also has no bearing on the timeliness of his federal habeas petition.  Accordingly, the petition must be dismissed.

ORDER

IT IS ORDERED that:

1) Ennis Brown's application for habeas relief under 28 U.S.C. § 2254 (dkt. # 1) is DISMISSED as untimely;

2) Petitioner's motion for a stay and appointment of counsel (dkt. # 15) is DENIED as moot;

3) Petitioner's request for transfer (dkt. # 9) is DENIED as duplicative of a motion filed in 19-cv-870-wmc;

4) Petitioner's request for a federal investigation (dkts. ## 11, 16) is DENIED as duplicative of a motion filed in 19-cv-870-wmc;

5) Petitioner's requests for release or transfer pending a ruling on his habeas petition (dkts. ## 17, 18, 21) are DENIED as moot; and

6) No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(2) because petitioner has not made a substantial showing of the denial of a constitutional right.

Entered this 5th day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

11